IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-12-GMS |
| TRACY FISHER, | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS STATEMENTS AND
EVIDENCE AND SUPPORTING AUTHORITIES**

The defendant through undersigned counsel hereby moves this Honorable Court to enter an order suppressing statements and evidence obtained at the time of the arrest of Mr. Anthony Fisher as a result of an improper search and seizure on or about January 15, 2005, pursuant to the Fourth and Fifth Amendment of the United States Constitution and Federal Rule of Criminal Procedure 12 (b)(3), Local Rule 5(b).

The defense submits the following in support of this motion:

1. Mr. Fisher is charged with being a Felon in Possession, the events are said to have transpired on January 15, 2005.

2. The seizure of Mr. Fisher is said to have occurred in the area of Fourth and Adams Streets. Upon information, the arrest of Mr. Fisher was not based on a valid warrant, or consent. The government alleges that they received information claiming an attempt robbery from an individual walking on Adams Street.

3. Mr. Fisher was stopped while doing nothing wrong and then subjected to actions by law enforcement officers constituting an arrest. He was also searched. During the search, the police obtained items from Mr. Fisher that purport to be evidence related to the crime charged.

4. The Fourth Amendment of the United States Constitution provides that there shall be no searches or seizures except by warrant. In certain circumstances, probable cause may permit an individual to be searched or arrested. Where no probable cause and no warrant exist, however, suppression of any evidence recovered is required. Hayes v. Florida, 105 S. Ct. 1643 (1985); Dunnaway v. New York, 442 U. S. 200 (1979). Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." The Court in Terry explained that "the Fourth Amendment governs 'seizures' of the person which do not eventuate into a trip to the station house and prosecution for crime-'arrests' in traditional terminology. It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Id. at 16. The Supreme Court has adopted an objective test to determine if a seizure has occurred. "[A] person has been 'seized' within the meaning of the Fourth Amendment, only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980).

5. "[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer's requests or otherwise terminate the encounter." Bostick, 111 S.Ct. at 2389. Factors for a court to consider:

>    include whether the suspect was physically intimidated or touched, whether the officer displayed a weapon, wore a uniform, or restricted the defendant's movements, the time and place of the encounter, and whether the officer's "use of language or tone of voice indicate[ed] that compliance with the officers request might be compelled."

United States v. Wood, 981 F.2d 536, 539 (D.C. Cir. 1992) (quoting Mendenhall, 446 U.S. at 554). The "free to leave test" is an objective test which requires the court to consider the totality of circumstances in order to determine if a seizure has occurred. The essence of the test is whether the hypothetical reasonable person placed in the shoes of the defendant would have felt free to ignore the police and to walk away from them. United States v. Wilson, 953 F.2d 116, 122 (4th Cir. 1991).

      6. Police in this case stopped and searched Mr. Fisher without any basis to do so. Since Mr. Fisher was stopped, searched, and placed under arrest without a warrant and without probable cause, all the fruits of this illegal arrest including any evidence obtained, must all be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

      7. A statement was also illegally obtained from Mr. Fisher. The Fifth Amendment guarantees that "no person . . . shall be compelled in any criminal case to be a witness against himself." New York v. Quarles, 467 U.S. 649, 654 (1984) (citations omitted). Once the defendant raises the issue regarding the admissibility of a statement, the government bears the burden of establishing compliance with Miranda and its progeny. See Miranda v. Arizona, 384 U.S. 436, 475 (1966).

      8. The Supreme Court in Miranda firmly established that before the government can use statements obtained from the defendant through custodial interrogation, it must show both that the police adequately warned the defendant of his rights to remain silent and to have court-appointed counsel, and that the defendant knowingly, voluntarily and intelligently waived those rights.

Without these showings, there will be a presumption that the statements were compelled. Miranda, 384 U.S. 436.

9. The government bears a heavy burden to prove that the defendant made a waiver of Miranda rights. Miranda, 384 U.S. 436; Brewer v. Williams, 430 U.S. 387 (1977); Rhode Island v. Innis, 446 U.S. 291 (1980). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). This intentional and knowing waiver requires an affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74. The right to remain silent and the right to counsel must be explained, and in addition, attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant. See id.

10. In this case, no such relinquishment of rights has been proven by the government. Law enforcement did not initially advise Mr. Fisher of his rights. The evidence will show that subsequently, when properly advised of his Miranda rights, Mr. Fisher did invoke his right to remain silent.

11. The government must also show that statements made were done so voluntarily. Jackson v. Denno, 378 U.S. 368, 376 (1964) (citations omitted). See also Greenwald v. Wisconsin, 380 U.S. 519 (1968). To make a showing of voluntariness, "it must be shown that in fact the confessor has a free will and intellect whether or not the [police] had any reason to doubt its presence or suspect its absence." Pea v. United States, 397 F.2d 627, 632 (D.C. Cir. 1968). The government bears the burden of proving by a preponderance of the evidence that a defendant's statement was made voluntarily. Lego v. Twomey, 404 U.S. 477 (1972). The circumstances of his arrest make any

statement made involuntary.  Here, among other things Mr. Fisher was physically assaulted at the time of his arrest by armed police at night.

**WHEREFORE,** for these reasons and any other such reasons as shall appear at the hearing of this matter Defendant Tracy Fisher respectfully request that the Court enter an Order in the form attached hereto suppressing the evidence obtained on or about January 15, 2005.

                                                Respectfully submitted,

                                                /s/
                                                Penny Marshall, Esquire
                                                Assistant Federal Public Defender
                                                704 King Street, 2nd Floor
                                                Wilmington, DE  19801
                                                (302) 573-6010

Dated:  April 14, 2005

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Motion to Suppress Statements and Evidence and Supporting Authorities is available for public viewing and downloading and was electronically delivered on April 14, 2005, to:

>Adam Safwat, Esquire
>Assistant United States Attorney
>1007 Orange Street, Suite 700
>Wilmington, DE 19801

>/s/
>Penny Marshall, Esquire
>Assistant Federal Public Defender
>715 King Street, 2nd Floor
>Wilmington, DE  19801
>(302) 573-6010
>Attorney for Tracy Fisher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Criminal Action No.  05-12-GMS |
| | : | |
| TRACY FISHER, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Fisher's Motion to Suppress and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of April, 2005, that any statements and evidence obtained from Defendant Fisher be suppressed.

 

_____
Honorable Gregory M. Sleet
United States District Court